MISSISSIPPI AND YAZOO RIVER PACKET COMPANY ET AL. *v.* CHARLES J. EDWARDS.

PRACTICE.    *Exclusion of insufficient evidence.    Good practice.    Caution.*
    Where the evidence adduced by a party in a civil suit is clearly insufficient to support a verdict in his favor, the court may exclude it upon the motion of the opposing party.    Such practice is commendable in proper cases, but should be exercised cautiously.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

Charles J. Edwards sued the Mississippi and Yazoo River Packet Company and George W. Faison upon an open account and acceptance aggregating two thousand nine hundred and eighty-five

dollars and ninety-nine cents. The defendants set up the defense of payment.

To prove payment of the acceptance and account sued upon, the defendants in the trial of the case introduced certain testimony which, upon the motion of the plaintiff, was by the court excluded on the ground that "it neither proved nor tended to prove payment or any other defense to the claim sued on."

It is not necessary to set forth here the evidence thus excluded, as its effect is stated in the opinion of the court, and the principle of law announced by the court may be viewed and applied in the abstract.

The judgment of the court below was, of course, in favor of the plaintiff, and the defendants appealed.

*Murray F. Smith,* for the appellants.

The motion to exclude the evidence of the appellants was in the nature of a demurrer to the evidence.

A demurrer to the evidence admits all facts and all conclusions which those facts prove or tend to prove. *Mobile Rail. Co.* v. *McAurthur,* 43 Miss. 180.

"It can never be safe for a party to demur to evidence which clearly conduces *in any degree* to prove the whole affirmative side of the issue." Gould on Pleading, § 47.

"It is rarely a safe proceeding, for it admits the truth of the evidence demurred to and all just inferences which can be drawn therefrom." 4 Minor's Institutes 749.

If, therefore, this evidence tended in any degree to prove that this debt has been paid, the court erred in granting the motion to exclude it.

*T. M. Miller* and *J. Hirsh,* for the appellee.

The court did perfectly right in ruling out the testimony by which the defendants attempted to prove payment of the debt sued for. To have ruled otherwise would have been merely to expose the case to the possible wrong results of a wrangle before a jury. As to the effect of the testimony to support the defense of payment, we submit that it amounted to absolutely nothing.

If the case had been permitted to go to the jury and they had recklessly found for the defendants, there being an utter absence of

proof of payment, it would have been the manifest duty of the court to set aside the verdict, therefore it was right to exclude evidence tending merely to create a suspicion.

Now let it be *assumed* that there *was* slight evidence to support the defense (there was none in fact), what reason is there to suppose that a new trial could produce a different result?

CAMPBELL, C. J., delivered the opinion of the court.

The only evidence of the defendant (appellant) was so plainly insufficient to sustain a verdict in its favor if rendered that the court properly excluded the evidence. This practice is to be commended in cases in which it is manifest that a verdict resting upon the evidence proposed to be excluded could not stand. The power to exclude should be cautiously exercised, but in plain cases of insufficiency of evidence, accepted as absolutely true, to maintain an issue, there should be no hesitation to employ it. It saves time and the useless intervention of a jury—useless because in the case supposed its finding would be set aside, and the result had better be anticipated.

*Affirmed.*